IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 12-cv-22265-Altonaga/Simonton

ESYS LATIN AMERICA, INC.,

    Plaintiff,

v.

INTEL CORPORATION,

    Defendant.

_____

**DEFENDANT INTEL CORPORATION'S MOTION TO DISMISS
PLAINTIFF ESYS LATIN AMERICA, INC.'S COMPLAINT**

Plaintiff Esys Latin America, Inc. ("Esys") has asserted two breach of contract claims that are barred by the applicable statute of limitations. In addition, Esys fails to allege sufficient plausible facts that would entitle it to relief on its claims. Pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6), Defendant Intel Corporation ("Intel") respectfully requests that the Court dismiss Esys's complaint for failure to state a claim.

**STANDARD OF REVIEW**

Under Rule 12(b)(6), "[d]ismissal . . . on statute of limitations grounds is appropriate . . . if it is apparent from the face of the complaint that the claim is time-barred." *Keira v. United States Postal Inspection Serv.*, 157 Fed. App'x 135, 136 (11th Cir. 2005) (quoting *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005)).

In addition, Federal Rule of Civil Procedure 8 requires each complaint to set out "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Under Rule 8, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009). Rather, to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Indeed, a plaintiff has "the burden to present allegations showing why it is more plausible" that the defendant committed an unlawful act, in light of possible alternative, lawful explanations for the defendant's conduct. *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1342 (11th Cir. 2010); *Twombly*, 550 U.S. at 567 (complaint does not state plausible claim for relief where there is an "obvious alternative explanation" for facts alleged).

## STATEMENT OF FACTS[1]

Esys's complaint contains two counts. First, Esys seeks damages for breach of a 2002 distribution agreement between Esys and Intel ("Distribution Agreement"). *See* Compl. ¶¶ 18-26. Esys alleges that "[o]n April 4, 2007, Intel notified Esys that the Distribution Agreement that had been in existence since 2002 and was renewed each year until 2007 was terminated as of ninety days after the date of the notice." *Id.* ¶ 14. Under the Distribution Agreement, which is appended to Esys's complaint, Intel had the right to "terminate this Agreement at any time, with or without cause, without incurring any liability as a result except as expressly set forth herein . . . ." Distribution Agreement ¶ 24.1 (Compl. Ex. 1).[2] Esys nevertheless claims that this termination amounted to breach of contract, because "Intel had a duty to act in good faith in the performance of the Distribution Agreement," and allegedly "failed to act in good faith by

---

[1] For purposes of this motion to dismiss, Intel assumes that the well-pleaded allegations in the complaint are true. Intel does not, however, admit the truth of any of these alleged facts.

[2] Because the Distribution Agreement and corporate non-disclosure agreement ("NDA") are attached to the complaint, they are incorporated by reference and may be considered on a motion to dismiss. *See Arango v. United States Dep't of the Treasury*, 115 F.3d 922, 923 n.1 (11th Cir. 1997).

arbitrarily terminating the Distribution Agreement in order to economically destroy Esys." *Id.* ¶¶ 23-24.

Second, Esys seeks damages for breach of a corporate non-disclosure agreement that was attached to the Distribution Agreement as an exhibit and incorporated therein by reference ("NDA"). *See id.* ¶¶ 27-35. Esys claims that, "[u]pon the termination" of the Distribution Agreement, "Intel stopped shipping products to Esys," and "then initiated a program of selling directly to Esys customers, using the names and contacts of [Esys] customers which were provided pursuant to the Non-Disclosure Agreement." *Id.* ¶ 14. It also claims, in an apparent inconsistency, that Intel "engage[d] in a campaign" of using the confidential information "to establish new distributors and sell to Esys customers . . . ." *Id.* ¶ 34.

## ANALYSIS

### I. Esys's Claims Should Be Dismissed Because They Fall Outside The Governing Statute Of Limitations For Breach Of Contract Claims.

Esys's claims are time barred under the applicable statute of limitations, which requires breach of contract claims to be initiated within three years of the alleged breach.

The Distribution Agreement states that "[a]ny claim arising under or relating to this Agreement shall be governed by the internal substantive laws of the State of Delaware or federal courts located in Delaware, without regard to principles of conflict of laws." Distribution Agreement ¶ 32.1 (Compl. Ex. 1). The NDA, in turn, states that "[t]his Agreement will be governed by the laws of the State of Delaware without reference to conflict of laws principles, if any." NDA ¶ 7(d) (Compl. Ex. A to Ex. 1).

"A federal court exercising diversity jurisdiction must apply the choice-of-law rules of the state in which it sits." *Western Group Nurseries, Inc. v. Ergas*, 211 F. Supp. 2d 1362, 1366 (S.D. Fla. 2002) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). As this

case was commenced in the Southern District of Florida, Florida's choice-of-law rules apply. As the Court has held, applying Florida choice-of-law principles, "the statute of limitations of the parties' chosen forum will apply where there exists a contractual choice of laws provision." *Gaisser v. Portfolio Recovery Assocs., LLC*, 571 F. Supp. 2d 1273, 1276 (S.D. Fla. 2008) (citing *Mazzoni Farms, Inc. v. E.I. DuPont De Nemours and Co.*, 761 So. 2d 306, 311 (Fla. 2000)). Other state and federal courts in Florida have similarly held that parties that agree to be bound by the laws of a foreign state are subject to the foreign state's statute of limitations in actions arising under the agreement. *See id.*; *McCorriston v. L.W.T., Inc.*, 536 F. Supp. 2d 1268, 1275 (M.D. Fla. 2008) (holding that, under parties' Delaware choice-of-law provision, "Delaware law applies to substantive matters, including the statute of limitations"); *Western Group Nurseries*, 211 F. Supp. 2d at 1366.

Under Delaware law, the statute of limitations for breach of contract claims is three years. 10 Del. C. § 8106(a); *Wedderien v. Collins*, 937 A.2d 140 (Del. 2007). Esys's claims cannot survive because they accrued more than three years prior to the date it filed its complaint.

In Count I, Esys alleges that Intel breached the Distribution Agreement by "arbitrarily terminating" it so as to cause Esys financial harm. Compl. ¶ 24. Esys admits, however, that the Distribution Agreement was terminated 90 days after Intel provided Esys with notice on April 4, 2007. Thus, at the latest, Esys's cause of action accrued on July 3, 2007, the date of termination of the Distribution Agreement—nearly five years prior to the filing of this complaint. This claim is therefore barred by the statute of limitations.[3]

---

[3] Although it does not plead it as such, it would not aid Esys to style its claim as one for "bad faith" breach of contract. "[B]ad faith claims are subject to a three-year statute of limitations and accrue, as do causes of action for fraud, when a reasonable person is put on notice of the possible existence of bad faith claims." *Crowhorn v. Nationwide Mut. Ins. Co.*, 2002 Del.

Esys's second count, which alleges breach of the NDA, suffers from the same deficiency. Esys alleges that after Intel terminated the Distribution Agreement in 2007, it "initiated a program of selling directly to Esys customers, using the names and contacts of the customers which were provided pursuant to the Non-Disclosure Agreement." Compl. ¶ 14. Again, this alleged breach is at least five years old, and well past the three-year statute of limitations for breach of contract claims under applicable Delaware law.

Importantly, the complaint fails to allege that Intel disclosed Esys's confidential information within the past three years. Although the complaint alleges that Intel disseminated Esys's confidential information to "other distributors" (Compl. ¶ 31), it does not plead a date of this alleged disclosure of confidential information within three years of the filing of the complaint, let alone identify any distributor to whom Intel allegedly provided the information. The only factual allegation in the complaint regarding the NDA that suggests a date when Intel might have improperly used Esys's confidential information is contained in paragraph 14, which alleges that Intel "us[ed]" the customer information "[u]pon the termination" of the Distribution Agreement in 2007. Compl. ¶ 14. An alleged disclosure that occurred five years before the filing of a complaint cannot serve as the basis for a cause of action that is subject to a three-year statute of limitations. Esys's claim is stale, and therefore must be dismissed.[4]

---

Super. LEXIS 178, at *20 (Del. Super. Ct. Jul. 10, 2002). Again, Esys would have been aware of the existence of this cause of action, at the latest, in 2007—five years ago.

[4] Count II of the complaint contains a conclusory allegation that Intel "continues to engage in a campaign of using the confidential information to establish new distributors . . . ." Compl. ¶ 34. This bare allegation, however, does not suffice to save its otherwise untimely claim. In *Lenbro Holding, Inc. v. Falic*, 2011 U.S. Dist. LEXIS 114412, at *4-5 (S.D. Fla. Oct. 4, 2011), the Court held that the plaintiff could not avoid a statute-of-limitations defense on a breach of contract claim by making a "conclusory allegation" in the complaint that the statute was tolled based on an action allegedly taken by an agent of the defendant, because the complaint contained "insufficient factual allegations" to support the tolling argument. Similarly, in *Brown v. Lewis*, 2009 U.S. Dist. LEXIS 54005 (M.D. Ga. June 25, 2009), aff'd,

5

**II.     Esys's Complaint Should Also Be Dismissed Because It Fails To Allege Facts That Could Plausibly Entitle It To Relief.**

Intel is independently entitled to dismissal because Esys's complaint fails to state a plausible claim for relief.

With respect to Count I, Esys's claim hinges on Intel's alleged bad-faith termination of the Distribution Agreement. Compl. ¶ 24. But the Distribution Agreement expressly permits Intel to terminate it at any time without incurring liability: "Either Party may terminate this Agreement at any time, *with or without cause*, *without incurring any liability* as a result except as expressly set forth herein, upon ninety (90) or more days prior written notice to the other Party." Distribution Agreement ¶ 24.1 (emphasis added); *see also id.* ("[n]o liability shall be incurred as a result of [annual] non-renewal" of agreement). The complaint admits that Intel provided Esys with the requisite 90 days' notice. Compl. ¶ 14. Further, the complaint does not point to any provision "expressly set forth" in the Distribution Agreement that would prevent Intel from terminating the agreement at the time and in the manner in which it did.

Because Esys "cannot point to any contractual provision that [the defendant] breached" by terminating the Distribution Agreement, Esys "cannot state a claim for breach of contract based on these allegations." *Am. Casual Dining, L.P. v. Moe's Southwest Grill, L.L.C.*, 426 F.

---

361 Fed. App'x 51, 55 (11th Cir. 2010), the district court dismissed several state-law claims as untimely because the plaintiff did not identify the date of a specific unlawful act that occurred within the limitations period. *See, e.g.*, *id.* at *14-15 & n.4 (while plaintiff represented that alleged fraud persisted "to the present," fraud claim failed because he could not "point specifically to any fraudulent act he alleges was committed" within the limitations period). The Eleventh Circuit affirmed, noting that plaintiff "fail[ed] to allege a specific date" for his claims, and that "the latest date mentioned . . . in his complaint is 2000," outside the limitations period. 361 Fed. App'x at 55. The reasoning in *Lenbro* and *Brown* applies here. The last date that Esys mentions in its complaint is 2007, which is outside the applicable three-year limitations period, and its conclusory allegation of a "continu[ing] . . . campaign" lacks any factual elaboration and therefore cannot save the claim from dismissal.

6

Supp. 2d 1356, 1369 (N.D. Ga. 2006) (dismissing breach of contract claim against franchisor for failure to develop franchisee's restaurant, where agreement stated that "[f]ranchisor does not guarantee the success or profitability of the business [f]ranchised hereunder in any manner whatsoever and shall not be liable therefor").

Esys cannot escape dismissal of this claim by alleging that Intel "failed to act in good faith" by terminating the Distribution Agreement. Compl. ¶ 24. Esys has not expressly pled, as a separate claim, a breach of an implied duty of good faith and fair dealing by terminating the Distribution Agreement. And even if Esys had made such a claim, that duty "only applies where a contract lacks specific language governing an issue and the obligation the court is asked to imply advances, and does not contradict, the purposes reflected in the express language of the contract." *Alliance Data Sys. Corp. v. Blackstone Capital Partners V L.P.*, 963 A.2d 746, 770 (Del. Ch. 2009), *aff'd*, 976 A.2d 170 (Del. 2009). Here, the contract expressly disclaims any liability arising out of Intel's termination of the Distribution Agreement. Where a party seeks to "impose an after-the-fact obligation" that it "was unable to obtain in the contractual negotiations and [would] contradict the plain terms" of an agreement, the party fails to state a claim for breach of the implied covenant of good faith. *Id.* at 770; *see also Kent County Equip., Inc. v. Jones Motor Group, Inc.*, 2009 Del. Super. LEXIS 97, at *17-18 (Del. Super. Ct. Mar. 20, 2009) (dismissing claim that party to contract violated covenant of good faith and fair dealing by terminating agreement, because contract "contain[ed] specific provisions allowing either party to terminate the agreement at will," and the court could not "conclude under the guise of the implied covenant of good faith and fair dealing that this express contractual right ha[d] somehow been abridged"). Accordingly, even if Count I did not suffer from fatal statute of limitations deficiencies, it would have to be dismissed for failing to state sufficient facts to support a breach of contract claim.

With respect to Count II, Esys has failed to allege any facts that could plausibly entitle it to relief for breaches of the NDA.  Esys makes seemingly inconsistent allegations that Intel "initiated a program of selling directly to Esys customers" with the use of Esys's customer information (Compl. ¶ 14) and that, rather than selling directly to Esys's customers, it "engage[d] in a campaign" of using the confidential information "to establish new distributors and sell to Esys customers" (*id.* ¶ 34).[5]  These allegations are insufficient to give Intel notice of the conduct that forms the basis for the complaint.  *See, e.g.*, *United States ex rel. Nicholas v. JFK Med. Ctr.*, 2002 U.S. Dist. LEXIS 28169, at *5 (S.D. Fla. Nov. 15, 2002) ("This Court need not accept facts [as true] that are internally inconsistent"); *Mascaro Aviation, L.L.C. v. Diamond Aircraft Indus.*, 2011 U.S. Dist. LEXIS 22885, at *26 (S.D. Fla. Mar. 8, 2011) ("the Court finds Plaintiffs' complaint includes ambiguities and conflicts that preclude [Defendant] from framing a response and this Court from resolving the issues raised").  Because the above facts are internally inconsistent, and because there are no other well-pleaded facts that could support a claim for breach of the NDA, Count II of the complaint must be dismissed.

Wholly apart from the fact that these allegations are apparently contradictory, the claim that Intel provided Esys's information to undisclosed recipients at undisclosed times on an undisclosed number of occasions is insufficient to meet Esys's pleading obligations.  Compl. ¶¶ 14, 31, 34.  A complaint that lacks such basic details as the "time, place, or person[s] involved in the alleged" unlawful activity does not provide a defendant with the notice required by Rule 8.  *Twombly*, 550 U.S. at 565 & n.10; *see also id.* at 555 (Rule 8 requires a complaint to "give the

---

[5] Direct selling by a manufacturer requires no distributors, as the manufacturer is selling directly to end customers.  By contrast, "establish[ing] new distributors" entails inserting the distributors between the manufacturer and the end customers.  The complaint fails to explain the apparent inconsistency between its allegation of an Intel "program" of selling directly to its customers and a "campaign" of inserting new distributors between Intel and the same customers.

8

defendant fair notice of what the . . . claim is and the grounds upon which it rests") (internal citation omitted).  Without "some further factual enhancement" detailing the circumstances in which Intel allegedly disclosed Esys's customer information, the complaint "stops short of the line between possibility and plausibility of 'entitle[ment] to relief.'"  *Twombly*, 550 U.S. at 557 (internal citation omitted).

## CONCLUSION

For the above reasons, Intel respectfully requests the Court to issue an order dismissing Esys's complaint for failure to state a claim.

Dated:   July 25, 2012

By: *s/ Charles M. Rosenberg*
Charles M. Rosenberg (FL Bar # 279064)
Email: crosenberg@carltonfields.com
Aaron S. Weiss (FL Bar # 48813)
Email: aweiss@carltonfields.com
Carlton Fields, P.A.
100 Southeast Second Street, Suite 4200
Miami, Florida 33131
Telephone No. (305) 530-0050
Facsimile No.   (305) 530-0055

Robert C. Walters *(pro hac vice to be filed)*
Email: rwalters@gibsondunn.com
Gibson, Dunn & Crutcher LLP
2100 McKinney Avenue, Suite 1100
Dallas, Texas 75201
Telephone No. (214) 698-3114
Facsimile No.   (214) 571-2900

Joseph Kattan, PC *(pro hac vice to be filed)*
Email: jkattan@gibsondunn.com
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone No. (202) 955-8239
Facsimile No.   (202) 467-0539

*Attorneys for Defendant Intel Corporation*

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 25, 2012 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                               *s/ Aaron S. Weiss*
                                                               Aaron S. Weiss

Bennett G. Feldman
benfeld@bellsouth.net
2655 Lejeune Road, Suite 514
Coral Gables, Florida   33134
Telephone No.   (305) 445-9909
Facsimile No.    (305) 461-5088

*Attorneys for Plaintiff*