IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 12-cv-22265-ALTONAGA/Simonton

ESYS LATIN AMERICA, INC.,

    Plaintiff,

v.

INTEL CORPORATION,

    Defendant.

_____

**DEFENDANT INTEL CORPORATION'S REPLY BRIEF IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF ESYS LATIN AMERICA'S COMPLAINT**

In its opposition to Intel Corporation's ("Intel's") motion to dismiss, Esys Latin America ("Esys") concedes that its breach of contract claims against Intel accrued on July 3, 2007, more than three years before the filing of its complaint. *See* Esys Opposition Brief ("Opp.") at 2-3. Esys also appears to acknowledge that the parties' 2002 Distribution Agreement and Non-Disclosure Agreement ("NDA") contained an agreed upon Delaware choice-of-law provision. *Id.* at 1. Because Delaware has a three-year limitations period for breach of contract claims, Esys's claims are barred and must be dismissed.

Esys nevertheless argues that, despite this choice-of law-provision, it should be given the benefit of Florida's five-year statute of limitations period. But eSys fails to provide any legitimate legal basis for applying that limitations period. *See id.* at 1-2. Moreover, its position is contrary to numerous holdings of Florida courts (including this Court) that "the statute of limitations of the parties' chosen forum will apply where there exists a contractual choice of laws provision." *Gaisser v. Portfolio Recovery Assocs., LLC*, 571 F. Supp. 2d 1273, 1276 (S.D. Fla. 2008) (Altonaga, J.); *see also* Intel Mem. 3-4. That well-established principle applies here, and Delaware's limitations period bars Esys's claims.

Esys also fails to explain how its conclusory allegations satisfy its burden of stating a plausible claim for relief under the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Esys entirely ignores the fact that the Distribution Agreement contains a provision that permits Intel to terminate its relationship with Esys at any time for any reason. Opp. 3-4. As a matter of Delaware law, this provision bars any claim for breach of the implied duty of good faith arising out of termination of the agreement. Intel Mem. 6-7. Finally, Esys apparently concedes Intel's argument that the complaint fails to provide a sufficient description of the alleged breach of the NDA, as it does not address that argument in its brief. *See* Opp. 4-5.

Esys has no way to cure these deficiencies given that the actions that it alleges occurred outside the limitations period. Therefore, its complaint should be dismissed with prejudice. *Cooper v. Mass. Mut. Life Ins. Co.*, 2012 U.S. Dist. LEXIS 83817, at *15 (S.D. Fla. Jun. 15, 2012) (holding that because a "bad faith claim is barred by the statute of limitations, any amendment to reassert this count is futile").

## ARGUMENT

### I.   DELAWARE'S STATUTE OF LIMITATIONS BARS ESYS'S CLAIMS.

Esys's arguments regarding the limitations period is based on a fundamental misreading of the law.

Esys first argues that the Court should apply Delaware's "borrowing" statute (10 Del. C § 8121), which states that the shorter of Delaware's limitations period or the limitations period of the state where the injury occurred shall apply. Opp. 1-2. Even assuming that this statute was applicable, as Esys suggests, it would mandate the application of Delaware's three-year limitations period, and not the longer five-year Florida limitations period. Under this statute, "an

2

action may not be maintained" if it falls outside the limitations period "either in Delaware or in the state in which the cause of action arose." *Plumb v. Cottle*, 492 F. Supp. 1330, 1336 (D. Del. 1980); *see also Petroplast Petrofisa Plasticos S.A. v. Ameron Int'l Corp.*, 2011 Del. Ch. LEXIS 95, at *54 (Del. Ch. Jul. 1, 2011) (applying Delaware's three-year limitations period for breach of contract claims, rather than four-year period under California law, where claim allegedly accrued in California).

Moreover, the borrowing statute is a choice-of-law provision. *See Katell v. Morgan Stanley Group*, 1993 Del. Ch. LEXIS 5, at *21 (Del. Ch. Jan. 14, 1993); *Pallano v. AES Corp.*, 2011 Del. Super. LEXIS 313, at *12 (Del. Super. Ct. July 15, 2011). Under well-established U.S. Supreme Court precedent, this Court must apply the choice-of-law rules of the forum state, which here is Florida, not Delaware. *See* Intel Mem. 3-4. Under Florida law, the applicable choice-of-law rule is clear: The law of the parties' selected forum determines the applicable statute of limitations. *Gaisser*, 571 F. Supp. 2d at 1276; *McCorriston v. L.W.T., Inc.*, 536 F. Supp. 2d 1268, 1275 (M.D. Fla. 2008); *Western Group Nurseries, Inc. v. Ergas*, 211 F. Supp. 2d 1362, 1366 (S.D. Fla. 2002). Here, the parties selected Delaware law; therefore, Delaware's three-year statute of limitations applies.

Esys's efforts to distinguish *Gaisser* and *McCorriston* are unpersuasive. Esys claims that *Gaisser* was different because that case applied New Hampshire law, and New Hampshire has no borrowing statute. But that case, like this one, was brought in Florida; therefore, New Hampshire choice-of-law rules had no bearing on the outcome. *See Gaisser*, 571 F. Supp. 2d at 1276-77 (declining to apply New Hampshire choice-of-law rule in part because it "did not address the question of the application of New Hampshire law by a foreign forum"). And, as noted above, application of the borrowing statute here would bar Esys's claims in any event.

3

Rather, in *Gaisser*, the court applied the New Hampshire statute of limitations because the parties had agreed that New Hampshire law would govern any dispute. *See id.* The same analysis applies here, requiring application of the Delaware limitations period.

Esys also errs in claiming that, in *McCorriston*, "the district court did not rule on the applicability of the Delaware statute of limitations." Opp. 2. While *McCorriston* addressed the statute-of-limitations issue in the context of whether a party had a valid defense to a federal claim, the court stated unequivocally that, pursuant to the parties' choice-of-law provision, "Delaware law applies to substantive matters, including the statute of limitations," and therefore, "Delaware's statute of limitations applies." 536 F. Supp. 2d at 1275; *see also id.* (describing plaintiff's argument that Florida law applied as "wrong").

Esys next suggests that the Delaware borrowing statute does not bar its claims because it only "bars an action from being brought in Delaware." Opp. 2. Esys concludes from this, however, that it is therefore free to sue in Florida courts under the Florida statute of limitations. *See id.* That does not follow. Esys provides no authority for that analytical leap, which would undermine the parties' intent in selecting Delaware law in their agreement, and would conflict with the holdings in *Gaisser*, *McCorriston*, and *Western Group Nurseries*. Moreover, and for good reason, Delaware courts have repeatedly declined to interpret their borrowing statute in a manner that would permit a plaintiff to engage in forum-shopping to extend the applicable statute of limitations. *See, e.g.*, *Pack v. Beech Aircraft Corp.*, 132 A.2d 54, 58 (Del. 1957) ("These statutes are designed to prevent shopping for the most favorable forum, and hence to shorten the time limit—not to extend it."); *Pallano*, 2011 Del. Super. LEXIS 313, at *12-13; *Katell*, 1993 Del. Ch. LEXIS 5, at *23-24. Esys is engaging in precisely such forum-shopping here: It admits its claims would be barred in Delaware, and therefore is filing its claims in Florida, despite the

fact that Intel and Esys previously agreed that Delaware law would govern any disputes under the agreements at issue here. Neither Florida nor Delaware law permits this.

Finally, Esys claims it somehow matters that the parties' NDA contains a Non-Assertion Clause that prohibits a party from "assert[ing] any claims of breach of this Agreement or misappropriation of trade secrets . . . more than five (5) years from the date of the disclosure." NDA ¶ 3.[1] On the basis of this provision, which could operate to shorten the time for bringing an action where it might otherwise exceed five years,[2] Esys asserts that "[t]he statute of limitations in Florida is five years," and thus, "[t]he filing by June 18, 2012 is appropriate." Opp. 3. As explained above, the Florida statute of limitations is inapplicable to both the Distribution Agreement and the NDA as both agreements contain Delaware choice-of-law provisions. The Non-Assertion Clause cannot trump the parties' explicit selection of Delaware law and make Florida law apply.

To the extent that Esys argues that the parties bargained to extend the Delaware statute of limitations from three to five years, such an interpretation would be void as against public policy.

---

[1] Esys curiously claims that this clause applies to both the Distribution Agreement and the NDA, because the Distribution Agreement contains a clause stating that, "[i]n the event of any discrepancy" between the documents constituting the Distribution Agreement, "[t]his contract together with its [NDA]" shall take precedence over the Intel Terms and Conditions of Sale, the Intel Distribution Policies and Procedures, and the Distributor Cost List (none of which is attached to the complaint or relevant here). Distribution Agreement ¶ 30. This clause has no application to a purported conflict between the main provisions of the Distribution Agreement and the NDA, nor does it state that in the event of the conflict, all the terms of the NDA automatically become applicable to the main agreement. In any event, Esys does not explain what the supposed "discrepancy" is, nor is there any: *Both* the Distribution Agreement and the NDA contain choice-of-law provisions electing Delaware law, including its pertinent statute of limitations. Distribution Agreement ¶ 32; NDA ¶ 7(d). The existence of unique provisions in the NDA (or the Distribution Agreement) does not create a "discrepancy" between the two documents.

[2] This could occur, for example, in cases where a plaintiff might otherwise have a valid defense of equitable tolling, or delayed discovery of a trade-secret claim, in cases brought more than five years after the claim accrued. These applications have no bearing here.

5

Delaware courts treat statutes of limitation as "statutes of repose," which "proceed on the principle[] that it is to the interest of the public to discourage the litigation of old or stale demands." *Keller v. Farmers Bank of Delaware*, 24 A.2d 539, 541 (Del. Super. Ct. 1942) (internal citation omitted). Therefore, "a contractual period of limitations which attempts to lengthen or extend the period otherwise contained in a statute violates the aforesaid public policy interests." *Shaw v. Aetna Life Ins. Co.*, 395 A.2d 384, 386-87 (Del. Super. Ct. 1978); *see also id.* ("Two parties contracting between themselves cannot agree to circumvent the law as mandated by the legislature in its attempt to protect the public interests."). Indeed, Delaware's public policy is expressed in the text of the statute itself, which states unequivocally that "*[n]o action based on a promise . . . [s]hall be brought* after the expiration of 3 years from the accruing of the cause of [] action." 10 Del. C. § 8106 (emphases added). While "[a] freely made contractual decision among private parties to shorten, rather than lengthen, the permitted time to file a lawsuit does not violate the unambiguous negative command of [the statute], . . . a decision to lengthen it does and allows access to the state's courts for suits the legislature has declared moribund." *GRT, Inc. v. Marathon GTF Tech., Ltd.*, 2011 Del. Ch. LEXIS 99, at *66 & n.80 (Del. Ch. Jul. 11, 2011) (collecting authorities). Thus, the Non-Assertion Clause cannot be interpreted to extend Delaware's statute of limitations period beyond three years.

**II.   ESYS FAILS TO STATE PLAUSIBLE CLAIMS FOR RELIEF.**

Esys's opposition brief does not address the pleading deficiencies that Intel identified in its motion to dismiss.

Esys acknowledges that Count I of its Complaint is actually a claim for breach of the implied covenant of good faith and fair dealing. *See* Opp. 3-4. It further concedes that *Alliance Data v. Blackstone Capital*, 963 A.2d 746 (Del. Ch. 2009), provides the governing standard:

6

"The implied covenant only applies where a contract lacks specific language governing an issue and the obligation the court is asked to imply advances, and do[es] not contradict the purposes reflected in the express language of the contract." Opp. 4 (citing *Alliance Data*, 963 A.2d at 770). Esys simply ignores the fact, however, that the Distribution Agreement contains "specific language governing [the] issue" at the heart of its claim, namely, termination of the agreement, and absolves Intel of any resultant liability. Distribution Agreement ¶ 24.1 ("Either Party may terminate this Agreement at any time, with or without cause, without incurring any liability as a result except as expressly set forth herein, upon ninety (90) or more days prior written notice to the other Party.").

This case is on all fours with *Kent County Equip., Inc. v. Jones Motor Group, Inc.*, 2009 Del. Super. LEXIS 97 (Del. Super. Ct. Mar. 20, 2009), cited in Intel's motion, which rejected a bad-faith termination claim because the agreement at issue "contain[ed] specific provisions allowing either party to terminate the agreement at will." *Id.* at *17-19. Esys fails to distinguish this relevant decision. Rather, Esys argues that "Intel used it to obtain confidential information and then used that information to put Esys out of business," which is "not the subject of the agreements," and "not covered in the Distribution Agreement or the NDA." Opp. 4. But if Esys concedes that the conduct it alleges is not covered by the Distribution Agreement or the NDA, that raises a more fundamental problem—it means there can be no liability under these agreements *at all*. The duty of good faith and fair dealing "cannot be used to circumvent the parties' bargain, or to create a free-floating duty . . . unattached to the underlying legal document." *Dunlap v. State Farm Fire & Cas. Co.*, 878 A.2d 434, 441 (Del. 2005). Here, Esys's argument would require this Court both to disregard the parties' bargained-for rights

under the termination provision, and to create "free-floating" additional duties unanticipated by the parties.  Delaware law prohibits that, and thus, the claims must be dismissed.[3]

Finally, Esys does not address the fundamental pleading deficiency under *Twombly* and *Iqbal* in Count II of its Complaint—that Esys provides insufficient detail as to the circumstances in which Intel allegedly breached the NDA.  *See* Opp. 3.  Esys's conclusory allegation that Intel "disseminated" Esys's confidential information to undisclosed third parties (Compl. ¶ 31) does not suffice to state a plausible claim to relief.  *Twombly*, 550 U.S. at 555, 565 & n.10; *Iqbal*, 556 U.S. at 682-83.  For this reason too, Count II should be dismissed.

## CONCLUSION

For these reasons, Esys's claims should be dismissed.  Because amendment of the complaint would be futile, the complaint should be dismissed with prejudice.


Dated:  August 10, 2012                                          By: s/ *Aaron S. Weiss*

                                                           Charles M. Rosenberg (FL Bar # 279064)
Email: crosenberg@carltonfields.com
Aaron S. Weiss (FL Bar # 48813)
Email: aweiss@carltonfields.com
Carlton Fields, P.A.
100 Southeast Second Street, Suite 4200
Miami, Florida 33131
Telephone No. (305) 530-0050
Facsimile No.   (305) 530-0055

---

[3] Although it ultimately does not control the outcome in this case, Florida law is consistent with the above analysis.  *Nourachi v. First Am. Title Ins. Co.*, 44 So. 3d 602, 612 (Fla. 5th DCA 2010) ("the duty of good faith . . . may not be invoked to vary an express term in a contract, or to supply a missing term"); *Flagship Resort Dev. Corp. v. Interval Int'l, Inc.*, 28 So. 3d 915, 924 (Fla. 3d DCA 2010) ("A duty of good faith must relate to performance of an express term of the contract and is not an abstract and independent term of a contract . . .  Indeed, it must be anchored to the performance of an express contractual obligation.") (internal citation and quotation marks omitted).

Robert C. Walters *(pro hac vice pending)*
Email: rwalters@gibsondunn.com
Gibson, Dunn & Crutcher LLP
2100 McKinney Avenue, Suite 1100
Dallas, Texas 75201
Telephone No. (214) 698-3114
Facsimile No. (214) 571-2900

Joseph Kattan, PC *(pro hac vice pending)*
Email: jkattan@gibsondunn.com
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone No. (202) 955-8239
Facsimile No. (202) 467-0539

*Attorneys for Defendant Intel Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2012 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/ Aaron S. Weiss*

Aaron S. Weiss

Bennett G. Feldman
benfeld@bellsouth.net
2655 Lejeune Road, Suite 514
Coral Gables, Florida   33134
Telephone No.   (305) 445-9909
Facsimile No.   (305) 461-5088

*Attorneys for Plaintiff*